IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAI ALBERT, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civ. Act. No. 17-475-LPS |
| | : |
| ROBERT MAY, Warden, and ATTORNEY | : |
| GENERAL OF THE STATE OF DELAWARE, | : |
| | : |
| Respondents.[1] | : |

### MEMORANDUM OPINION

Jai Albert. *Pro Se* Petitioner.

Brian L. Arban, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

November 16, 2020
Wilmington, Delaware

---

[1] Warden Robert May has replaced former Warden Dana Metzger, an original party to this case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Jai Albert ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I. BACKGROUND

On March 11, 2015, Petitioner was arrested following the execution of a search warrant at his place of business, the I-Rock Recording Studio, located in Wilmington, Delaware. (D.I. 13 at 4) He was subsequently charged in a ten-count indictment as follows: tier five possession of heroin, tier four drug dealing, possession of a firearm during the commission of a felony, possession of a deadly weapon during the commission of a felony, two counts of possession of a firearm by a person prohibited ("PFBPP"), and four counts of second degree conspiracy. (D.I. 10 at 1; D.I. 13-15 at 1) On August 31, 2015, Petitioner filed a motion to suppress all of the evidence seized from the studio and from cell phones. (D.I. 13 at 4; D.I. 13-1 at 13-20) The Superior Court heard argument on the motion on November 6, 2015 and issued a written decision denying Petitioner's motion to suppress on December 3, 2015. *See State v. Albert*, 2015 WL 7823393, at *5 (Del. Super. Ct. Dec. 3, 2015). Thereafter, the parties agreed to a stipulated bench trial. (D.I. 10 at 2; D.I. 13-5 at 8, Entry No. 34)

Following the bench trial on April 4, 2016, the Superior Court found Petitioner guilty of tier four drug dealing and PFBPP, and the State *nolle prossed* the remaining charges. (D.I. 10 at 2; D.I. 13-5 at 9, Entry No. 39) That same day, after declaring Petitioner a habitual offender on his PFBPP conviction, the Superior Court sentenced Petitioner to a total of twenty years at Level V incarceration, suspended after seventeen years to reduced levels of supervision. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Albert v. State*, 150 A.3d 767 (Table), 2016 WL 6247315 (Del. Oct. 25, 2016).

Petitioner timely filed the instant Petition. (D.I. 1) The State filed an Answer in opposition, asserting that the Petition should be denied for failing to assert an issue cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465 (1978). (D.I. 10) Petitioner filed a reply requesting an evidentiary hearing. (D.I. 15)

## II. DISCUSSION

In his sole Claim for habeas relief, Petitioner contends that his conviction is illegal because the trial court violated his Fourth Amendment rights by failing to suppress the evidence seized during the search of his studio. Petitioner argues that the evidence should have been suppressed because the search warrant failed to demonstrate a logical nexus between the studio and his drug activity. For the following reasons, the Court concurs with the State that the Petition does not warrant relief.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal habeas court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state court. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1980); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing the petitioner's Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Significantly, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id.*

2

In this case, Petitioner filed a pre-trial motion to suppress the evidence pursuant to Rule 41 of the Delaware Superior Court Rules of Criminal Procedure, and the Superior Court denied that motion only after conducting a hearing. Petitioner then challenged that decision in his direct appeal to the Delaware Supreme Court, presenting the same argument raised in the instant Petition. The Delaware Supreme Court rejected Petitioner's argument as meritless and affirmed the Superior Court's judgment. *See Albert*, 2016 WL 6247315, at *1.

This record clearly demonstrates that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the Delaware state courts. The fact that Petitioner disagrees with these decisions and the reasoning utilized by the state courts is insufficient to overcome the *Stone* bar. Therefore, the Court will deny Petitioner's Fourth Amendment argument as barred by *Stone*.

### III.    EVIDENTIARY HEARING

District courts have "discretion to conduct an evidentiary hearing on habeas review, but only in limited circumstances." *Butler v. State*, 2001 WL 1593224, at *6 (D. Del. Dec. 11, 2001). As a general rule, "district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d)." *Grant v. Lockett*, 709 F.3d 224, 230-31 (3d Cir. 2013). A district court "properly refuses to conduct an evidentiary hearing where a petitioner fails to forecast any evidence beyond that already contained in the record that would help his cause, or otherwise to explain how his claim would be advanced by an evidentiary hearing." *Butler*, 2001 WL 1593224, at *6. In any event, a federal court is not required to hold an evidentiary hearing if it can resolve the issues on the existing state court record. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

Petitioner asserts that an evidentiary hearing is needed because (1) "[the] State['s] corrective process was ineffective to protect [his] Fourth Amendment rights" and (2) "the record below does

3

not appropriately consider . . . the 'logical nexus' that needs to be established between Petitioner's illegal activity and the particular place to be searched." (D.I. 1 at 14) These contentions are unavailing.

First, the Court can, and did, decide Petitioner's claim on the existing record. Second, Petitioner's bald and conclusory contention that the Delaware system was ineffective to protect his Fourth Amendment fails to forecast what additional facts could be adduced in an evidentiary hearing that would support his claim. Accordingly, the Court concludes that an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief and believes that reasonable jurists would not find this conclusion to be debatable. Thus, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED** without an evidentiary hearing. An appropriate Order will be entered.

4